IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

RAFAEL ESPINAL MIESES,

       Petitioner,                               OPINION AND ORDER

v.                                          25-cv-586-wmc

DEPARTMENT OF HOMELAND SECURITY,

       Respondent.

_____

Petitioner Rafael Espinal Mieses is an inmate incarcerated by the United States Bureau of Prisons at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford").  Representing himself, petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241 to challenge an "unlawful order of expedited removal" entered against him by the Department of Homeland Security and officials with U.S. Immigration and Customs Enforcement.  (Dkt. #1).  After reviewing the petition under Rule 4 of the Rules Governing Section 2254 Cases, which also applies to proceedings under § 2241, the petition will be dismissed for the reasons explained below.

BACKGROUND

Petitioner, who is a citizen of the Dominican Republic, is presently incarcerated as the result of a federal conviction for conspiracy to possess with intent to distribute and conspiracy to import 5 kilograms or more of cocaine, among other charges, in *United States v. Espinal-Mieses*, Crim. No. 3:17-396-01 (D.P.R.).  He received a sentence of 188 months'

imprisonment in that case, followed by a 5-year term of supervised release, in a judgment entered on July 31, 2018.  His projected release date is March 16, 2028.

Petitioner challenges a finding of inadmissibility made by ICE, which entered an expedited order of removal against him under Section 235(b)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1225(b)(1).  Petitioner argues that § 1225(b)(1) does not apply to him because he was "paroled" into the United States to face criminal charges and was continuously present for two years before his order of removal.  He argues, therefore, that his order of removal violates due process.  He argues further that the invalid removal order has caused the BOP to wrongfully deny him First Step Act time-credits under 18 U.S.C. § 3632(d)(4)(E)(i) (prisoners subject to a final order of removal under any provision of the immigration laws are ineligible for time credits under this section), which has affected the length of imprisonment.

The court previously dismissed a similar challenge by petitioner as barred by the REAL ID Act of 2005, codified as amended at 8 U.S.C. § 1252(a)(5).  *See Espinal Mieses v. Dep't of Homeland Security*, No. 25-cv-118-wmc (W.D. Wis. June 9, 2025) (Dkt. #4). Arguing that his previous federal habeas proceeding was wrongfully dismissed as barred by jurisdiction-stripping provisions in 8 U.S.C. § 1252(a)(2)(A)(iii) & (e), petitioner contends that these provisions violate the Suspension Clause as applied to him.[1]

---

[1] Both provisions are from the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), which limits judicial review for applicants in expedited-removal proceedings.  Section 1252(a)(2)(A)(iii) states that "no court shall have jurisdiction over . . . the application of such section to individual aliens, including the determination made under section 1225(b)(1)(B) of this title[.]"  Section 1252(e) precludes judicial review of "all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this

OPINION

As petitioner is aware from his previous proceeding, district courts do not have subject matter jurisdiction to consider any issues pertaining to an order of removal. Section 1252(a)(5) makes a petition for review to the applicable circuit court of appeals the "*sole and exclusive means* of judicial review" for orders of removal.  8 U.S.C. § 1252(a)(5) (emphasis added); *see also Padilla v. Gonzalez*, 470 F.3d 1209, 1214 (7th Cir. 2006) (finding that "Congress clearly intended the courts of appeals to be the one judicial forum for hearing challenges to administrative removal orders").  As a result, any habeas petition under § 2241 seeking judicial review of a removal order after REAL ID was enacted "must be dismissed; it can be neither entertained nor transferred [to the court of appeals]." *Chen v. Gonzales*, 435 F.3d 788, 790 (7th Cir. 2006) (per curiam).

There is a limited exception to the jurisdiction-stripping provision found in § 1252(a)(5), which allows judicial review for certain expedited-removal determinations in habeas corpus proceedings seeking a determination of:

(A) whether the petitioner is an alien;

(B) whether the petitioner was ordered removed under [the expedited removal] section, and

(C) whether the petitioner . . . is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title.

8 U.S.C. § 1252(e)(2).  None of the petitioner's claims fit within this limited exception.  While petitioner does claim that he is not an "alien" as defined in § 1225(b)(1) because

---

subchapter[.]"

3

he was paroled into the United States for criminal prosecution and present for at least two years,[2] this argument has been rejected by this court and by the Seventh Circuit. *See Espinal Mieses*, No. 25-cv-118-wmc (W.D. Wis. June 9, 2025) (Dkt. #4, at 3-4); *see also Montes Cabrera v. U.S. Dep't of Homeland Security*, No. 24-3079, 2025 WL 1009120, at *2 (7th Cir. Apr. 4, 2025) (holding that "[t]he term 'alien,' in fact, is defined by the Immigration and Nationality Act as 'any person not a citizen or national of the United States,' 8 U.S.C. § 1101(a)(3), and this definition applies to the entire Act, *id*. § 1101(a), including the jurisdictional exceptions set forth in § 1252(e)"); *Sanchez v. U.S. Dep't of Homeland Security*, No. 25-cv-146-jdp (W.D. Wis. June 4, 2025) (reaching the same conclusion).

If petitioner is contending that this court has jurisdiction under the Suspension Clause to hear his petition,[3] this contention lacks merit. To avoid Suspension Clause problems, the REAL ID Act permits judicial review in the federal courts of appeals over "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); *see also Nasrallah v. Barr*, 590 U.S. 573, 580 (2020) (noting that "[t]he REAL ID Act clarified that final orders of removal may not be reviewed in district courts, even via habeas corpus [in all but a few

---

[2] As defined in 8 U.S.C. § 1225(b)(1), an "alien" is described as follows:

> An alien described in this clause is an alien who is not described in subparagraph (F), who has not been admitted or paroled into the United States, and who has not affirmatively shown, to the satisfaction of an immigration officer, that the alien has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility under this subparagraph.

8 U.S.C. § 1225(b)(1)(A)(iii)(II).

[3] The Suspension Clause of the United States Constitution states: "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2.

limited cases], and may be reviewed only in the courts of appeals")(citing § 1252(a)(5)). Thus, the jurisdictional limitation imposed by the REAL ID Act does not violate the Suspension Clause because a petition for review under § 1252(a)(5) is "an adequate substitute for habeas proceedings." *Perez v. Barr*, 957 F.3d 958, 964 (9th Cir. 2020) (citation omitted); *Thoung v. United States*, 913 F.3d 999, 10003 (10th Cir. 2019) (same).

Likewise, the purpose of jurisdictional limitations on review of removal orders "is to 'give some measure of protection . . . to discretionary determinations' of the Attorney General, and to prevent 'separate rounds of judicial intervention outside the streamlined process that Congress has designed.'" *Chapinski v. Ziglar*, 278 F.3d 718, 721 (7th Cir. 2002) (quoting *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 485 (1999)). Again, none of the limited exceptions to the jurisdictional bar applies here. To the extent that petitioner argues that the limitations on jurisdiction found in § 1252(a)(2)(A)(iii) & (e) violate the Suspension Clause, the Supreme Court has disagreed. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) (holding that the federal statute limiting habeas review of expedited-removal proceedings does not violate the Suspension Clause, which does not contemplate a right to "enter or remain in a country or to obtain administrative review potentially leading to that result").

Because the petition does not satisfy any of the limited exceptions found in § 1252(e)(2), it must be dismissed for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

ORDER

IT IS ORDERED THAT:

1) The federal habeas corpus petition under 28 U.S.C. § 2241 filed by petitioner Rafael Espinal Mieses (dkt. #1) is DISMISSED without prejudice for lack of jurisdiction.

2) Petitioner is admonished that future repetitive habeas petitions of this nature will be dismissed as an abuse of the writ.

3) The clerk of court is directed to enter judgment and close this case.

Entered this 20th day of March, 2026.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

6